Karen **ECHARD**, Plaintiff,

v.

**TOWNSEND FARMS INCORPORATED**, et al., Defendants.

No. CV–13–01146–PHX–NVW.

United States District Court, D. Arizona.

Jan. 17, 2014.

Jonathan Van Osteen, Osteen & Harrison PLC, Phoenix, AZ, William D. Marler, Marler Clark LLP PS, Seattle, WA, for Plaintiff.

Jonathan D. Confer, Mark D. Zukowski, Jones Skelton & Hochuli PLC, Richard H. Rea, Farley Seletos & Choate, James K. Kloss, Stephen .D. Hoffman, Lewis Brisbois Bisgaard & Smith LLP, Sheila K. Carmody, Sara Marie Athen, Snell & Wilmer LLP, Phoenix, AZ, Carmine Joseph Pearl, II, Garrett S. Gregor, Larry N. Willis, Willis Depasquale LLP, Orange, CA, for Defendants.

## ORDER

NEIL V. WAKE, District Judge.

Before the Court is Specially Appearing Defendant Purely Pomegranate, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 47). On the facts alleged, Echard has not established that Purely Pomegranate is subject to the personal jurisdiction of the courts of Arizona. Echard will be given an opportunity, however, to conduct discovery limited to facts supporting specific jurisdiction. Similarly, Purely Pomegranate will be given an opportunity to file supplemental briefing to test the benefit of that discovery.

Purely Pomegranate is a California business. Sometime before May 2013, it imported Turkish pomegranate seeds and sold them to Defendant Townsend Farms. Townsend Farms used them to manufacture a frozen drink product, which it sold to Costco for retail. Plaintiff Echard alleges that the hepatitis A virus contaminated the drink product she purchased from Costco and that the virus infected

her when she consumed it. *See* Doc. 35 ¶¶ 2, 3, 9, 15; Doc. 53 at 3. She sued Townsend Farms and three pomegranate seed distributors, including Purely Pomegranate. Purely Pomegranate moves to dismiss for lack of personal jurisdiction.

■ A plaintiff bears the initial burden of establishing personal jurisdiction when a defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.2004). Because the motion to dismiss is based on written materials rather than an evidentiary hearing, Echard need only make a prima facie showing of personal jurisdiction. *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 457 n. 5 (9th Cir.2007).

■ In the absence of an applicable federal statute, Arizona law governs the exercise of personal jurisdiction and extends jurisdiction to the extent allowed by the federal Due Process Clause. *See* Arizona Rule of Civil Procedure 4.2(a). In turn, due process requires that defendants have sufficient contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal quotation marks omitted). A defendant's contacts may subject it to the so-called general or specific jurisdiction of a forum. *J. McIntyre Mach., Ltd. v. Nicastro*, —— U.S. ——, 131 S.Ct. 2780, 2787–88, 180 L.Ed.2d 765 (2011) (plurality opinion).

■ Echard concedes Purely Pomegranate is not subject to the general jurisdiction of Arizona courts. Doc. 53 at 6. Thus, the issue is whether Purely Pomegranate's contacts with Arizona suffice to bring it within the forum's specific jurisdiction.

The Ninth Circuit uses a three-part test to determine specific jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

■ With respect to the first requirement, "[i]n products-liability cases like this one, it is the defendant's purposeful availment that makes jurisdiction consistent with traditional notions of fair play and substantial justice." *Nicastro*, 131 S.Ct. at 2787 (internal quotation marks omitted). "The placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state.... Even a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream of commerce into an act purposefully directed toward the forum state." *Holland Am. Line Inc.*, 485 F.3d at 459. Instead, a plaintiff must allege additional conduct "indicat[ing] an intent or purpose to serve the market in the forum State." *Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano Cnty.*, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (plurality opinion).

■ On the facts alleged, Echard has not made a prima facie showing that Purely Pomegranate purposefully availed itself

of the privilege of conducting activities in Arizona. Purely Pomegranate arranged for pomegranate seeds to be shipped to Townsend Farms, an Oregon company. Townsend Farms used those seeds to manufacture a product that it sold to Costco, a Washington company. And then Costco retailed that product "across the western United States" and "possibly ... across the country." Doc. 35 ¶ 9. It is not enough that Purely Pomegranate was "aware that its seeds would be used to manufacture a final product that would be retailed through Costco stores across the country, including stores in Arizona." Doc. 53 at 12. Nor is it sufficient that Purely Pomegranate intended to sell its products everywhere and did nothing to exclude Arizona. *See* Doc. 53 at 10 ("Purely Pomegranate stores its products across the country and advertises its capacity to promptly and reliably deliver its products throughout the entire country; Arizona is not excluded.").

The Supreme Court recently rejected a similarly expansive application of specific jurisdiction. The New Jersey Supreme Court had concluded that its courts could "exercise jurisdiction over a foreign manufacturer of a product so long as the manufacturer knows or reasonably should know that its products are distributed through a nationwide distribution system that might lead to those products being sold in any of the fifty states." *Nicastro*, 131 S.Ct. at 2785 (internal quotation marks omitted). In formulating a more restrictive test, a plurality of the Court noted that "it is the defendant's actions, not his expectations, that empower a State's courts to subject him to judgment," *id.* at 2789, and concluded that "[t]he defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have *targeted* the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." *Id.* at 2788 (emphasis add-ed). Although this restrictive "targeting" test did not persuade a majority of the Court, two Justices joined the plurality in reversing the New Jersey Supreme Court because "the relevant facts found by the New Jersey Supreme Court show[ed] no 'regular ... flow' or 'regular course' of sales in New Jersey; and there [was] no 'something more,' such as special state-related design, advertising, advice, marketing, or anything else." *Nicastro*, 131 S.Ct. at 2792 (Breyer, J., concurring).

Here, the only factual allegations supporting Echard's conclusion that Purely Pomegranate targeted Arizona is that the company advertises its ability to deliver products across the country and that it has or at one point had two customers in Arizona, which "received very small shipments of a product that is different from the product at issue and constituted less than 1 percent of Purely Pomegranate's sales during the relevant time periods." Doc. 47 at 3. Alone, this is insufficient to establish that Purely Pomegranate purposefully availed itself of the privilege of conducting activities in Arizona. *Cf. Nicastro*, 131 S.Ct. at 2792 (rejecting New Jersey's specific jurisdiction over a foreign defendant where the facts showed "no 'regular ... flow' or 'regular course' of sales in New Jersey"); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 n. 18, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (noting that a single act may support jurisdiction only when "it creates a 'substantial connection' with the forum").

Instead, Echard must allege facts demonstrating that Purely Pomegranate has done "something more," such as "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the

sales agent in the forum State." *Asahi,* 480 U.S. at 112, 107 S.Ct. 1026.

In joining the *Nicastro* plurality to reach a judgment of the Court, Justice Breyer appears to have warned specifically against the expansive jurisdiction Echard advocates:

> A rule like the New Jersey Supreme Court's would permit every State to assert jurisdiction in a products-liability suit against any domestic manufacturer who sells its products (made anywhere in the United States) to a national distributor, no matter how large or small the manufacturer, no matter how distant the forum, and no matter how few the number of items that end up in the particular forum at issue. What might appear fair in the case of a large manufacturer which specifically seeks, or expects, an equal-sized distributor to sell its product in a distant State might seem unfair in the case of a small manufacturer (say, an Appalachian potter) who sells his product (cups and saucers) exclusively to a large distributor, who resells a single item (a coffee mug) to a buyer from a distant State (Hawaii).

*Nicastro,* 131 S.Ct. at 2793.

Purely Pomegranate did not retail the allegedly tainted product in Arizona. It did not send the product to the company that retailed it in Arizona. Instead, it shipped the ingredients to the company that sold the product to the company that retailed the product in Arizona. Absent factual allegations establishing a prima facie case that Purely Pomegranate did "something more" to avail itself of the benefits and protections of Arizona's laws—and that Echard's injury arises from the forum-related activities—it is not subject to personal jurisdiction here.

■ Echard will be given an opportunity, however, to conduct limited discovery to meet her burden. Likewise, Purely Po-

megranate will be given an opportunity to test the benefit of that discovery by filing supplemental briefing. If after discovery as to jurisdictional facts, Echard does not file supplemental briefing, the motion to dismiss will be granted. If supplemental briefing is filed, it will be considered before ruling on the motion.

IT IS THEREFORE ORDERED that Echard may have up to and including **April 11, 2014,** to conduct discovery limited to facts supporting her claim that Purely Pomegranate is subject to the specific jurisdiction of this forum.

IT IS FURTHER ORDERED that the parties may file briefs pursuant to the following schedule:

1. Purely Pomegranate may file a supplemental brief by **April 25, 2014;**

2. Echard may file a response by **May 9, 2014;**

3. Purely Pomegranate may file a reply no later than **May 16, 2014.**